|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 20-6332-JFW(Ex)** | Date:  September 2, 2020 |
|---|---|---|
| Title: | Cari R. Andrews *-v-* Essilor Laboratories of America, Inc., et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO THE CALIFORNIA SUPERIOR COURT [filed 8/14/2020; Docket No. 29]

On August 14, 2020, Plaintiff Cari R. Andrews ("Plaintiff") filed a Motion to Remand the Case to the California Superior Court ("Motion to Remand").  On August 24, 2020, Defendants Essilor Laboratories of America and Casey Stewart filed their Opposition, and on August 28, 2020, filed a corrected Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 14, 2020 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 4, 2020, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendants Essilor Laboratories of America, Inc., Casey Stewart, and Brittany Deatrich (collectively, "Defendants") alleging the following claims for relief: (1) wrongful termination in violation of public policy; (2) discrimination based on medical condition and disability in violation of California Government Code § 12940; (3) retaliation in violation of California Government Code § 12940; (4) failure to accommodate in violation of California Government Code § 12940(m); (5) failure to engage in interactive process in violation of California Government Code § 12940(n); (6) failure to prevent discrimination in violation of California Government Code § 12940; and (7) harassment based on medical condition in violation of California Government Code § 12940.  The seventh claim for relief for harassment based on medical condition in violation of California Government Code § 12940 is the only claim alleged against the individual defendants, Casey Stewart and Brittany Deatrich.

On July 15, 2020, Defendant Essilor Laboratories of America, Inc. filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and, in relevant part, that Defendant Casey Stewart was fraudulently joined. On August 12, 2020, Plaintiff filed a First Amended Complaint alleging the same seven claims for relief. Again, the seventh claim for relief for harassment based on medical condition is the only claim for relief alleged against the individual defendants, Casey Stewart and Brittany Deatrich.

Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that this Court lacks diversity jurisdiction because: (1) both she and Defendant Casey Stewart are citizens of California; and (2) Defendant Casey Stewart was not fraudulently joined.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Although both Plaintiff and Defendant Casey Stewart are citizens of California, Defendants argue that Stewart has been fraudulently joined, and, thus, that his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494

F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court concludes that Defendants have not carried their burden of demonstrating fraudulent joinder. Defendants contend, in relevant part, that Stewart has been fraudulently joined because: (1) Stewart's only potentially actionable conduct -- laughing at Plaintiff -- was not sufficiently severe or pervasive; and (2) Stewart's managerial or supervisory decisions cannot constitute unlawful harassment. Although Defendants' arguments might prevail in the context of a motion to dismiss, they do not suffice to support removal on the basis of fraudulent joinder.

As the court stated in *Stanbrough v. Georgia-Pacific Gypsum LLC*, 2009 WL 137036 (C.D. Cal. Jan. 20, 2009):

> But even if the Court presumes for purposes of discussion that the complaint does not allege sufficient facts to meet this requirement [of pervasive harassment] as to [the supervisor], Defendants have failed to demonstrate fraudulent joinder. As explained above, Defendants must demonstrate that Plaintiffs could not possibly state a claim against [the supervisor] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the supervisor] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Id.* at *2. Indeed, unlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)." *Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015). Even if Plaintiff's complaint does not currently allege sufficient facts to plead a viable harassment claim against Stewart, Defendants have failed to show that Plaintiff will be unable to amend her complaint to add additional allegations of harassment. *See Ontiveros v. Michaels Stores, Inc.*, 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) (finding no fraudulent joinder based on similar allegations and arguments); *Suarez v. American Airlines, Inc.*, 2009 WL 1657444, at *4 (C.D. Cal. Jun. 10, 2009) ("American may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against Rendon; however American has not show that there is 'absolutely no possibility" that plaintiff can establish a cause of action against Rendon in state court."). "Parties may not expand federal jurisdiction beyond its statutory boundaries by using fraudulent joinder-based removal as a replacement for a state court demurrer." *Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011)*.*

Accordingly, the Court concludes that Stewart was not fraudulently joined. Thus, this Court lacks diversity jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court. Plaintiff's request for costs, expenses, and attorneys' fees is **DENIED**.

IT IS SO ORDERED.